IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **NICHOLAS FIORELLI**<br>3834 North Broadlawn Circle<br>Cincinnati, OH 45236<br><br>**On his own behalf and for all others similarly situated,**<br><br>Plaintiffs,<br><br>VS.<br><br>**COLUMBUS OUTLETS, LLC**<br>400 S. Wilson Road<br>Sunbury, OH 43074<br><br>**TANGER FACTORY OUTLET CENTERS, INC.**<br>3200 Northline Avenue, Suite 360<br>Greensboro, NC 27408<br><br>**BROOKS BROTHERS GROUP, INC.**<br>c/o Corporation Service Company<br>80 State Street<br>Albany, New York, 12207<br><br>Defendants. | CASE NO.: 2:19-cv-5278<br><br>JUDGE SARAH D. MORRISON<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

## INTRODUCTION

1. Plaintiff Nicholas Fiorelli brings this complaint against Defendants on behalf of himself and a class of all other similarly situated consumers.

2. Defendants improperly collected fees from Plaintiff and other consumers, without disclosing that these fees would be added to the purchase price. This conduct occurred at the Tanger Outlet in Sunbury, Ohio at various retail stores. Defendants charged Plaintiff and the putative class additional fees ("NCA Charge"), but never told consumers that their purchases would be subject to these fees. Under these circumstances, Defendants were unjustly enriched.

1

**PARTIES AND RELATIONSHIPS**

3. Plaintiff Nicholas Fiorelli is an individual who resides in the State of Ohio, Hamilton County, and made a purchase at Brooks Brothers in the Tanger Outlet shopping center during the applicable class period.

4. Defendant Columbus Outlets, LLC is a Delaware limited liability company with its principal place of business being Columbus, Ohio.

5. Defendant Tanger Factory Outlet Centers, Inc. is a real estate investment trust headquartered in Greensboro, North Carolina.

6. Defendant Columbus Outlets, LLC and Defendant Tanger Factory Outlet Centers, Inc. are collectively referred to herein as "Defendant Owner."

7. Defendant Owner owns and operates the Tanger Outlet in Sunbury, Ohio.

8. Defendant Owner leases space to Brooks Brothers Group, Inc. ("Brooks Brothers") and other retailers at the Tanger Outlet.

9. Defendant Brooks Brothers is a New York Corporation with brick and mortar stores across Ohio, including at the Tanger Outlet in Sunbury, Ohio.

10. Defendant Brooks Brothers' principal place of business and corporate headquarters is New York, New York.

**JURISDICTION & VENUE**

11. This Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. 1332(d) because: (a) minimal diversity exists in that the named Plaintiff is a citizen of Ohio and Defendant Brooks Brothers is headquartered in New York and Defendant Tanger Outlet is headquartered in North Carolina; and (b) upon information and belief, the matter exceeds the sum of $5,000,000 exclusive of interest and costs.

12. Venue is appropriate in this Court as the events giving rise to Plaintiff's claim occurred in Sunbury, Ohio, which is located within this District.

## FACTS

### Plaintiff's transactions

13. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

14. On February 21, 2019, Plaintiff visited Defendant Brooks Brothers' store at 400 S. Wilson Road, Tanger Outlet, Sunbury, Ohio 43074.

15. Nowhere in the Brooks Brothers store was there a disclosure that purchases would be subject to a fee.

16. Nowhere in the Tanger Outlet mall was there a disclosure that purchases would be subject to a fee.

17. Although no fee was disclosed to Plaintiff prior to his purchase, Defendants charged him a fee of $.76, which was labeled "NCA Charges".

18. As this charge was not disclosed by Defendants anywhere in or around the stores or Tanger Outlet, Plaintiff was unaware of the NCA charges.

### Defendants' collection of the NCA charges

19. The following facts are alleged based on information and belief; however, discovery will confirm the practices alleged and Plaintiff reserves the right to amend the allegations to conform to the evidence.

20. Defendant Owner is required to pay a monthly remittance to a "Community Authority" entity based on a percentage of retail sales at the retail stores (including Brooks Brothers) at the Tanger Outlet.

21. To meet this financial obligation, rather than paying this obligation directly, Defendant Owner requires certain retailers, including Defendant Brooks Brothers, acting as Defendant Owner's agents, to collect and remit an NCA Charge on transactions in the retail store.

22. Defendant Owner then uses the NCA charges collected from Plaintiff and other consumers to meet their financial obligations to the Community Authority.

23. In other words, Defendant Owner charges Plaintiff and other consumers the NCA charges, through Brooks Brothers and other retailers, and retains and uses these charges to its own benefit to satisfy its financial obligations to third parties.

24. Upon information and belief, by the lease it has entered into with Owner, Defendant Brooks Brothers is required to charge consumers these NCA charges.

25. Alternatively, Brooks Brothers is charging and retaining these monies for its own benefit, and not remitting the fees.

26. As reflected in the alternative claims pleaded below, discovery will reveal and confirm the practices alleged, and Plaintiff reserves the right to amend the allegations to conform to the evidence.

## CLASS ALLEGATIONS

27. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

28. Plaintiff brings this action on behalf of two classes:

   a. As against Defendant Owner: all persons who, at any time during the statute of limitations, made a purchase from any of the retail stores located within Tanger Outlet in Sunbury, Ohio and were charged an undisclosed fee.

      b. As against Defendant Brooks Brothers: all persons who, at any time during the statute of limitations, made a purchase from Brooks Brothers at the Tanger Outlet in Sunbury, Ohio and were charged an undisclosed fee.

29. This action is brought, and may properly be maintained, as a class action under Rule of Civil Procedure 23. The proposed class satisfies the numerosity, typicality, adequacy, predominance, and superiority requirements of those provisions.

30. Each proposed class numbers over 100 persons. The class is so numerous that joinder of all members is impracticable. And, it is impracticable to bring all such persons before this Court.

31. The injuries and damages to the class members in each class present common questions of law and fact, including:

      a. Whether Defendants disclosed to consumers the existence of the NCA Charge (or another charge by a similar name) on retail sales purchases;

      b. Whether failure to disclose the NCA charge (or another charge by a similar name) was unjust;

      c. Whether Defendant Owner was unjustly enriched in receiving the monies from the NCA charges (or charges by a similar name) that were not disclosed;

      d. Whether Defendant Brooks Brothers was unjustly enriched when it received the monies from the NCA charges (or charges by a similar name) that were not disclosed;

      e. Whether the class members are entitled to restitution for and/or disgorgement of the undisclosed charges collected by Defendant(s).

32. Defendants have engaged in the same conduct with respect to all the class members.

33. The named Plaintiff's claims, defenses, and injuries are typical of the claims, defenses, and injuries of all of the class members.

34. The named Plaintiff will fully and adequately protect and represent the interests of the class members.

35. The identity of the class members cannot be determined at this time, but will be determined at a later time.

36. The prosecution of separate actions by each class member would create a substantial risk of inconsistent or varying adjudications for each individual class member that would establish incompatible standards of conduct for the Defendants.

37. The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of the class, which, as a practical matter, would be dispositive of the interests of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect those interests.

38. The maintenance of this suit as a class action is the superior means of disposing of the common questions that predominate herein.

### FIRST CLAIM FOR RELIEF
**Unjust Enrichment**
(against Defendant Owner)

39. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

40. Plaintiff conferred a benefit on Defendant Owner when he paid an NCA charge as part of his retail purchase.

41. Defendant Owner leases retail space to retailers such as Brooks Brothers.

6

42. Upon information and belief, these leases require certain retailers, including Brooks Brothers, to collect NCA charges from consumers and remit this money to Owner.

43. Retailers such as Brooks Brothers act as agents for Owner's benefit when collecting NCA charges.

44. With every NCA charge consumers paid, Defendant Owner received a financial benefit and retained that benefit.

45. Defendant Owner was aware that Plaintiff conferred a benefit on it and that it retained that benefit.

46. The balance of the equities favors the Plaintiff because this fee was undisclosed.

47. It would be unjust for Owner to retain the benefit it received from Plaintiff given that the balance of the equities favor Plaintiff.

48. Plaintiff is entitled to restitution and/or disgorgement for money in the amount of the collected charge.

49. The putative class members are similarly entitled to restitution and/or disgorgement of the collected charge.

## SECOND CLAIM FOR RELIEF
**Unjust Enrichment**
(against Defendant Brooks Brothers)

50. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

51. This cause of action is pleaded in the alternative to the First Claim for Relief.

52. With every NCA charge consumers paid, Brooks Brothers received a financial benefit and retained that benefit.

53. Brooks Brothers was aware that Plaintiff conferred a benefit on it and that it retained that benefit.

54. The balance of the equities favors Plaintiff because Defendant advertise their merchandise at certain prices, but charged Plaintiff more because of the imposition of the NCA Charge.

55. The balance of the equities favors Plaintiff because Brooks Brothers failed to disclose the NCA charges.

56. Plaintiff is entitled to restitution and/or disgorgement for money in the amount of the collected charge.

57. The putative class members are similarly entitled to restitution and/or disgorgement of the collected charge.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment as follows:

1. For an Order (a) determining at the earliest possible time that this matter may proceed as a class action under Civil Rule 23, and (b) certifying the class;

2. For restitution in the form of all NCA charges, or similar charges, collected by Defendants, and any other appropriate measure of restitution;

3. For disgorgement in equity;

4. For such other or further relief as the Court deems the Plaintiff and the class members are entitled.

Respectfully submitted,

*s/Nicole T. Fiorelli*
Nicole T. Fiorelli, Esq. (#0079204)
Patrick J. Perotti, Esq. (#0005481)
Frank A. Bartela, Esq. (#0088128)
**Dworken & Bernstein Co., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391   (440) 352-3469 Fax
Email: *nfiorelli@dworkenlaw.com*
         *pperotti@dworkenlaw.com*
         *fbartela@dworkenlaw.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2019, a copy of the foregoing *First Amended Class Action Complaint* was filed electronically.  Notice of this filing will be served along with a copy of the Original Complaint and Summons issued by the court to the following Defendants via certified mail by the Clerk:

Columbus Outlets, LLC
400 S. Wilson Road
Sunbury, OH 43074

Brooks Brothers Group, Inc.
c/o Corporation Service Company
80 State Street
Albany, NY 12207

Tanger Factory Outlet Centers, Inc.
3200 Northline Avenue, Suite 360
Greensboro, NC 27408

 */s/ Nicole T. Fiorelli*
Nicole T. Fiorelli, Esq. (#0079204)
DWORKEN & BERNSTEIN CO., L.P.A.

*Attorney for Plaintiff Nicholas Fiorelli*